Kimothy WALSTON, Appellant

v.

FOLEY AND LARDNER,
LLP, Appellee.

No. 12–7018.

United States Court of Appeals,
District of Columbia Circuit.

June 13, 2013.

Lisa Alexis Jones, Lisa Alexis Jones, PLLC, New York, NY, for Appellant.

Paul R. Monsees, Foley & Lardner LLP, Washington, DC, Marilee L. Miller, U.S. Attorney's Office, Sacramento, CA, for Appellee.

Before: TATEL, Circuit Judge, and SILBERMAN and SENTELLE, Senior Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the district court is affirmed.

Kimothy Walston, an African American male terminated from his position as a Technology Supervisor at Foley & Lardner LLP, appeals the district court's grant of summary judgment in favor of his employer on claims of discrimination, retaliation, and hostile work environment in violation of 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and the D.C. Human Rights Act, D.C.Code § 2–1401.01 et seq. The district court, after a thorough review of the evidence, held that Walston failed to raise a triable issue of material fact with respect to any of these claims. Viewing the matter de novo, *see Salazar v. Washington Metropolitan Area Transit Authority,* 401 F.3d 504, 507 (D.C.Cir.2005), we agree.

As to Walston's hostile work environment claims, the district court correctly identified two reasons why these claims must be dismissed. First, Walston offered no evidence to suggest that the alleged harassment was motivated by racial discrimination. *See Stewart v. Evans,* 275 F.3d 1126, 1133 (D.C.Cir.2002) ("Title VII does not prohibit all forms of workplace harassment, only those directed at discrimination because of [membership in a protected class]."). Second, no reasonable jury could find that the criticism and condescending comments allegedly directed at Walston amounted to harassment " 'sufficiently severe or pervasive to alter the conditions of [Walston's] employment and create an abusive working environment.' " *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). With respect to Walston's retaliation claims, we agree with the district court that Walston neither "provide[d] sufficient evidence for a reasonable jury to infer retaliation," *Jones v. Bernanke,* 557 F.3d 670, 679 (D.C.Cir. 2009), nor demonstrated that a " 'reasonable employee could believe that the conduct about which [Walston] complained amounted to a hostile work environment under Title VII,' " *Grosdidier v. Broadcasting Board of Governors, Chairman,*

**2**

709 F.3d 19, 24 (D.C.Cir.2013) (quoting *Grosdidier v. Chairman, Broadcasting Board of Governors,* 774 F.Supp.2d 76, 108 (D.D.C.2011)); *see also id.* (explaining that an "employee's opposition to an employment practice is protected under Title VII" only when the employee " 'reasonably and in good faith *believed* [the practice] was unlawful under the statute' " (alteration in original) (quoting *McGrath v. Clinton,* 666 F.3d 1377, 1380 (D.C.Cir.2012))). Finally, Walston abandoned his discrimination claims by failing to raise them on appeal. *See World Wide Minerals, Ltd. v. Republic of Kazakhstan,* 296 F.3d 1154, 1160 (D.C.Cir.2002) ("As we have said many times before, a party waives its right to challenge a ruling of the district court if it fails to make that challenge in its opening brief.").

The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.